IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jennifer Poage, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:11-2615-MGL |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Thomas Real Estate, Incorporated, | ) | |
| David K. Boehm and Louanne R. Boehm, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Defendant Thomas Real Estate, Incorporated's Motion for Summary Judgment (ECF No. 45) filed on January 8, 2013 and Motion for Summary Judgment on Behalf of Defendants David K. Boehm and Louanne R. Boehm (ECF No. 55) filed on March 19, 2013. Plaintiff Jennifer Poage ("Plaintiff") filed a response in opposition to Defendant Thomas Real Estate, Incorporated's Motion on February 25, 2013 (ECF No. 50) and to Defendants David K. Boehm and Louanne R. Boehm's Motion for Summary Judgment on April 5, 2013. ECF No. 58.) Defendant Thomas Real Estate, Incorporated filed a reply to Plaintiff's Memorandum in Opposition to Thomas Real Estate's Motion for Summary Judgment. (ECF No. 52.) For the reasons set forth below, the court denies the Motions for Summary Judgment filed by Defendant Thomas Real Estate, Incorporated and Defendants David K. Boehm and Louanne R. Boehm. [1]

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that on June 30, 2011, she was making lawful use of the premises owned by

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the court in its discretion. Unless so ordered, motions may be determined without a hearing." In this case, the court finds that the issues have been adequately briefed by both parties and that a hearing is not necessary.

Defendants David K. Boehm and Louanne R. Boehm ("Boehms") and operated and maintained by Defendant Thomas Real Estate, Incorporated ("Thomas") (jointly "Defendants") located at 4012 North Ocean Boulevard, North Myrtle Beach, South Carolina, when she fell from an elevated walkway on the premises after the railing gave way without warning. (ECF No. 1 at 2.) Plaintiff claims to have suffered severe injuries and damages as a result of the fall which she claims occurred because of Defendants' negligence in creating or allowing a dangerous walkway railing and failing to maintain, inspect, and warn of the dangers of the walkway. (ECF No. 1 at 2.) Plaintiff brought this suit on September 28, 2011, in federal court seeking damages for injuries she allegedly sustained as a result of the fall. (ECF No. 1 at 3.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). The moving party has the burden of proving that summary judgment is appropriate. When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular

parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir.1996). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir.1987). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## LEGAL DISCUSSION

In its Motion for Summary Judgment, Defendant Thomas contends that the South Carolina Vacation Rental Act, S.C. Code Ann. §§ 27-50-210 to -270, which governs the rental of the subject property, forecloses an action brought against Thomas (as the rental management company) by Plaintiff for injuries or damages resulting from the allegedly defective boardwalk and entitling Thomas to summary judgment. (ECF No. 45-1.) As owners of the subject premises, Defendants Boehms make a similar argument, also based on the South Carolina Vacation Rental Act. (ECF No.

55-1.) Relevant to Defendants, the South Carolina Vacation Rental Act provides in part: "[n]o action may be brought against an owner or rental management company by a tenant for any damages or injuries that occur as a result of property defects of which an owner or rental management company had no actual knowledge." S.C. Code Ann. § 27-50-250.

Defendants Thomas and Boehms argue that Plaintiff, as a paying occupant of the premises, should be considered a "tenant" of the premises at the time of the incident. Although not defined in the South Carolina Vacation Rental Act, Defendants Thomas and Boehms maintain that Plaintiff should be considered a "tenant" for the purposes of the Act because, Plaintiff paid money toward the vacation and "took possession of the property subject to the rental agreement"[2] which contemplated a group of twelve persons occupying the premises. (ECF No. 45-1 at 8.) Defendants Thomas and Boehms also claim there has been no evidence that Thomas or the Boehms had any actual knowledge of any defects, deficiencies, or unsafe conditions related to the boardwalk and railing that gave way. As a result, Defendants Thomas and Boehms suggest that Plaintiff cannot defeat the statutory protection provided to owners and rental property management companies under S.C. Code Ann. § 27-50-250.

With Defendants claiming an absence of evidence of actual knowledge on the part of Defendants Thomas and Boehms, the burden shifts to Plaintiff to set forth particular and specific facts (i.e., deposition testimony or an affidavit) showing that there is a genuine issue for trial. *See*

---

[2] Erin Robertson is listed as the single named guest on the Vacation Rental Lease Agreement with Thomas which appears to have been signed by James Robertson. (ECF No. 45-3 at 2.) The Vacation Rental lease Agreement purports to be a contract between Thomas and "the Guest named on the reverse." The Agreement states that "[Guest] agrees not to hold us liable for any damage, loss or injury to persons or property occurring on or about the rented accommodation or common grounds." (ECF No. 45-3 at 2.)

Fed. R. Civ. P. 56 (c)(1)(A). Plaintiff argues that Defendant Thomas had actual knowledge of the fact that weather causes wear and tear on boardwalks and that Thomas actually saw the conditions of the premises at issue during an inspection of the property (to include the decks and boardwalks) less than five months prior to the walkway collapse on June 30, 2011. (ECF No. 50 at 2.) Plaintiff has presented deposition excerpts from James Clemmons, a Thomas inspector, concerning inspection procedures (ECF No. 50-3) and James Meadors, a construction expert who testified that the "deterioration didn't happen overnight." (ECF No. 50-6 at 3); *see also* ECF No. 50-7 (report of South Carolina licensed marine contractor). Plaintiff maintains that this evidence shows actual knowledge and presents at least an issue of fact as to the extent of Defendant Thomas's knowledge, precluding a grant of summary judgment. (ECF No. 50 at 9.) Plaintiff also argues, based on the testimony presented by Thomas's general manager W. Vaughn Stanaland (ECF No. 50-8), that there is at least an issue of fact as to whether Plaintiff is a "tenant" under S.C. Code Ann. § 27-50-250 given that Plaintiff did not rent the house nor was her name on the reservation. In reply to Defendants David K. Boehm and Louanne R. Boehm's Motion for Summary Judgment, Plaintiff submits that Defendant David Boehm's testimony does in fact reflect he was aware that beach front property is subject to wear and tear ("It's on the ocean. Everything rusts."), and that he anticipated that his agent, Thomas would make inspections of the premises and identify problems. (ECF No. 58 at 2; ECF No. 58-1 at 5-9, 14.)

Putting aside Plaintiff's arguments about the constitutionality of the South Carolina Vacation Rental Act, and taking the evidence submitted by both parties in a light most favorable to Plaintiff, the court concludes that genuine issues of material fact remain which preclude summary judgment at this time. At this stage it is not the court's function to weigh the evidence but rather to determine

only "whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Plaintiff has presented evidence from which a jury can infer that Defendants had actual knowledge of the existence of the dangerous condition of the walkway. Additionally, the court finds there are issues of fact that remain concerning Plaintiff's general classification or status as a person who comes on premises evidenced by the testimony presented at the summary judgment stage.

## CONCLUSION

Upon review of the Motions for Summary Judgment filed in this case by Defendants Thomas (ECF No. 45) and Defendants Boehms (ECF No. 55) and the responses and reply filed in opposition and support, the court finds that there remain issues of material fact to be resolved at trial which preclude the granting of summary judgment in this case. Accordingly, Defendants' respective Motions for Summary Judgment are hereby DENIED. Counsel and the parties are reminded of the future upcoming deadlines under the governing Scheduling Order.

IT IS SO ORDERED.

s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
May 6, 2013